UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| HUNG M. NGUYEN<br>                Plaintiff,<br><br>                v.<br><br>BOSCH SECURITY SYSTEMS, INC.<br>                Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | No. 18-cv-1675 |

**OPINION AND ORDER**

**Defendant's Motion for Judgment on the Pleadings, ECF No. 10—Granted in Part**

**Joseph F. Leeson, Jr.**                                                      **November 8, 2018**
**United States District Judge**

### I. BACKGROUND

Plaintiff Hung M. Nguyen began working for Defendant Bosch Security Systems, Inc. as an Electronic Technician in 1989. In December 2013, Bosch informed Nguyen that his position was going to be eliminated because of a reorganization. Nguyen worked his last day with Bosch in June 2014. Having later learned that his job duties had been reassigned to two younger employees, Nguyen alleges that Bosch terminated him because of his age. Nguyen sued Bosch, alleging that Bosch discriminated against him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 951–963. *See* Complaint, ECF No.1. After filing an Answer, ECF No. 8, Bosch has moved for judgment on the pleadings. ECF. No. 10. This Court grants the motion in part.

## II. LEGAL STANDARD

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Rule 12(b)(6) motions to dismiss and Rule 12(c) motions for judgment on the pleadings for failure to state a claim are judged according to the same standard." *Gebhart v. Steffen,* 574 Fed. App'x. 156, 158 (3d Cir. 2014). Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim for relief is plausible if supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly,* 550 U.S. at 555). Instead, the plaintiff must make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly,* 550 U.S. at 555 n. 3.

## III. ANALYSIS

### A. Nguyen's ADEA Claim

Bosch argues that Nguyen's ADEA claim is untimely under the ADEA's exhaustion requirement. "Generally, a judicial complaint under the ADEA will be dismissed for failure to exhaust administrative remedies if a supporting EEOC charge was not filed within 180 or 300 days (depending on state law) of notification to the employee of the adverse employment action." *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 382 (3d Cir. 2007). In Pennsylvania, a plaintiff must file the charge within 300 days of the allegedly illegal act. *Id.* at 383. Nguyen states that Bosch notified him of his termination on December 5, 2013, Compl. ¶ 20; however, he did not file his charge of discrimination until December 16, 2014, Compl. ¶ 8. Nguyen argues that his

ADEA claim is not time barred because the alleged discrimination continued after Nguyen was notified that his position was being eliminated: Bosch assigned Nguyen's duties to younger employees sometime after the conversation on December 5, 2013. Pl.'s Opp. 3-4, ECF. No. 14. However, a cause of action accrues, and the administrative exhaustion clock starts to run, when the plaintiff receives notice of the adverse employment action. *Delaware State Coll. v. Ricks*, 449 U.S. 250, 257 (1980) (recognizing that exhaustion inquiry requires identifying the specific challenged employment action and holding that professor's claim accrued when he learned he was denied tenure, not at end of "terminal" contract one year later); *Watson v. Eastman Kodak Co.*, 235 F.3d 851 (3d Cir. 2000) (employee's race and age discrimination claims accrued on date manager informed him that he had been discharged from current position but had opportunity to apply for other positions, rather than date that he was ultimately discharged from employment). The adverse action Nguyen challenges is his termination; therefore, the 300 days began to run when he was notified of his termination on December 5, 2013, and his administrative charge was untimely.

However, a claim that fails the timely exhaustion requirement can be saved by the doctrine of equitable tolling, which suspends the deadline to file a charge when an EEOC charge's accrual date has already passed. *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 384 (3d Cir. 2007). In employment discrimination cases, courts apply equitable tolling when (1) the defendant actively misled the plaintiff respecting the reason for the plaintiff's discharge, and (2) this deception caused the plaintiff's non-compliance with the limitations provision. *Id.* (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). Nguyen alleges Bosch told him that his position was being eliminated— *i.e.* that Bosch actively mislead him for the reason behind his termination—and that he only recognized his potential

discrimination claim later when he learned that his duties had been reassigned to younger employees. These allegations, taken as true and with all inferences drawn in Nguyen's favor, "activate" the doctrine of equitable tolling. *Oshiver*, 38 F.3d at 1392 (denying motion to dismiss because plaintiff established possibility of equitable tolling where female plaintiff who was terminated and told that there was not sufficient work only found out later that law firm had hired male replacement). *See also Flint v. City of Philadelphia*, No. CIV. A. 98-95, 1998 WL 480849, at *4 (E.D. Pa. Aug. 12, 1998) (concluding equitable tolling might apply where plaintiff was told she was not eligible for position and only learned later that a male had been hired).

Like the court in *Oshiver*, this Court offers no view as to whether equitable tolling will ultimately save Nguyen's ADEA claim. Factual questions remain, including: (1) whether Bosch effectively misled Nguyen; (2) if so, whether a person such as Nguyen, with a reasonably prudent regard for his rights, would have been misled by Bosch's communication; and (3) if so, whether a person in Nguyen's position with a reasonably prudent regard for his rights would have learned of Bosch's deception sooner. *Oshiver*, 38 F.3d at 1392. Moreover, because Nguyen does not specify when he learned that Bosch had replaced him with younger employees, this Court cannot state with any certainty that equitable tolling will save Nguyen's claim, even if it does apply. Regardless, Nguyen has alleged sufficient facts to invoke the applicability of the doctrine. *See Perelman v. Perelman*, 545 F. App'x 142, 151 (3d Cir. 2013) (holding that, under motion to dismiss standard, plaintiff who seeks to invoke equitable tolling need only plead the applicability of the doctrine). Bosch's motion for judgment on the pleadings is denied with respect to Nguyen's ADEA claim.

### B. Nguyen's PHRA Claim

Bosch argues that Nguyen's PHRA claim is barred both by his failure to exhaust administrative remedies and the affirmative defense of release, based upon a contractual release of claims contained in a Separation Agreement that Nguyen signed upon his termination. Nguyen's opposition brief did not respond to the release argument and discussed only Bosch's time bar argument and equitable tolling. *See* Pl.'s Opp. Bosch pointed out this failure to respond in its reply brief, *see* Def.'s Reply 1-2, ECF No. 17. Nguyen then filed a sur-reply brief, but it did not address the release argument, either. ECF No. 18.

Local Rule 7.1(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania allows a court to grant a motion as uncontested in the absence of a timely response, except as provided by Fed. R. Civ. P. 56. Loc. R. Civ. P. 7.1(c). Failure to address even part of a motion may result in the unaddressed issue being deemed unopposed. *See Levy-Tatum v. Navient Sols., Inc.*, 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016) (holding that failure to respond to some arguments rendered motion unopposed with respect to two counts of complaint); *Suber v. Guinta*, 902 F. Supp. 2d 591, 609 (E.D. Pa. 2012) (granting motion to dismiss "as unopposed with respect to one claim" while denying dismissal of other claims).

In this case, Nguyen has failed to respond to Bosch's release argument even though he had two opportunities to do so. This Court therefore grants Bosch's motion as unopposed with respect to Nguyen's PHRA claim and grants judgment on the pleadings with respect to that claim.

**IV. ORDER**

**AND NOW**, for the reasons discussed above, **IT IS ORDERED THAT**:

1. Bosch's Motion for Judgment on the Pleadings is **GRANTED IN PART**.

2. Bosch's Motion is **DENIED** with respect to Count I of Nguyen's Complaint.

3. Bosch's Motion is **GRANTED** with respect to Count II of Nguyen's Complaint. Judgment is entered in favor of Bosch and against Nguyen with respect to Nguyen's PHRA claim in Count II.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge